UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ERNEST WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| WG NEWBURGH SH, LLC d/b/a | ) |
| ATRIA SENIOR LIVING GROUP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Ernest Williams ("Williams"), by counsel, against WG Newburgh SH, LLC d/b/a Atria Senior Living Group, ("Defendant") for its discriminatory actions against him based on his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADAA"), based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et. seq. and for retaliation in violation of Title VII and the ADAA.

### II. PARTIES

2. William is a United States citizen and, at all times relevant to this action, Williams resided within the Southern District of Indiana.

3. Defendant is a corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Williams is a qualified individual with a disability as that term is defined by the ADAA, 42 U.S.C. § 12102(2)(c), as amended.  At all relevant times, Defendant had knowledge of Williams's disability and/or it regarded Williams as being disabled and/or Williams has a record of being disabled.

6. Williams was an "employee" as defined by 42 U.S.C. § 12111(4).

7. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

8. Williams was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

9. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

10. Williams exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging race discrimination, disability discrimination and retaliation.  Williams received his Notice of Suit Rights for his Charge of Discrimination and timely files this action.

11. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV.  FACTUAL ALLEGATIONS

12. Williams, who is African-American, was hired by the Defendant on or about April 1, 2015, as a bus driver.

13. During all relevant time periods, Williams met or exceeded the Defendant's legitimate and reasonable performance expectations.

14. Williams is diabetic.  Defendant was aware of Williams' disability.

15. In 2015, Williams filed a Charge of Discrimination against the Defendant – EEOC No.:24C-2015-00118, based on disability.  Williams was not allowed to have a lunch break or time to eat by the Defendant.

16. Due to his disability, it is important that Williams is allowed to eat and have a break. Moreover, even though he was not allowed a lunch, Defendant would dock him 1 hour without pay every work day for a lunch. Additionally, the similarly-situated Caucasian and non-disabled bus driver was allowed a lunch and was not required to clock out.

17. In performing his job duties, Williams would have to deal with racist residents. For example, one resident referred to Williams with racial slurs and stated she was going to have him fired. Williams reported this to the Defendant and nothing was done. However, that same resident made a false report about Williams and he was given a written disciplinary action

18. Williams was subject to a hostile work environment. In addition to the racist treatment from residents, Williams was told by a co-worker that the Defendant had been sharing his EEOC Charge with all of the co-workers and were referring to Williams as "petty" and questioning his job performance.

19. Then Defendant assigned Williams to housekeeping duties and its Director, who is Caucasian, ordered Williams to blow leaves while it was raining. Williams pointed out that you cannot blow leaves in the rain, so the Director sent him home for the day, without pay. The similarly-situated Caucasian and non-disabled bus driver does not have to perform any other such job duties.

20. Next, Williams asked about his job duties. Defendant stated Williams had to sign a new sheet that stated his job duties were whatever he was told to do or he could go home. Williams later asked why he had to perform all housekeeping duties and he was told that is what he just had to do. This was done in an effort to try and get Williams to quit his job.

21. On another occasion the Defendant disciplined Williams for allegedly running red lights when he was performing his bus driving duties. Williams asked about this report and

where it was he allegedly ran the lights.  After Defendant provided some information, Williams pointed out that his route had him completely on the other side of town from where it was reported that he ran the lights on the day in question.

22. On or about January 25, 2016, Williams was terminated from his employment. He was wrongfully held responsible for an incident where a wheelchair bound resident fell over during transport. Williams had previously reported that the seatbelt on the bus was broken, but no action was taken. Nonetheless, Williams properly strapped in the resident, but he still managed to fall over. Williams reported the accident to the Defendant and called an ambulance per policy. The ambulance personnel noted that the resident was properly strapped in and they do not know how he fell over. Nonetheless, Williams was still terminated from his employment.

23. Defendant failed to accommodate or engage in the interactive process with Williams as required by the ADAA.

24. Williams was terminated due to his disability and/or race and/or for engaging in an activity protected by the ADAA and/or Title VII.

## V.  LEGAL ALLEGATIONS

### COUNT I--ADAA--DISABILITY DISCRIMINATION

25. Williams hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Defendant violated Williams's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by  failing to accommodate him, failing to engage in the interactive process, discriminating against, including docking his pay for lunch, and then ultimately terminating his employment based upon his disability.

27. Defendant's actions were intentional, willful, and in reckless disregard of Williams' rights as protected by the ADAA.

28. Williams has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—TITLE VII--RACE DISCRIMINATION

29. Williams hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Williams was subjected to a hostile work environment, discriminated against and terminated based on his race.

31. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

32. Defendant's conduct was deliberate, willful, and in reckless disregard for Williams' civil rights.

33. Williams has suffered damages as a result of Defendant's unlawful conduct.

### COUNT III—ADAA RETALIATION

34. Williams hereby incorporates paragraphs one (1) through thirty-three (33) of his Complaint as if the same were set forth at length herein.

35. Defendant violated Williams' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by retaliating against him for engaging in a protected activity.

36. Defendant's actions were intentional, willful, and in reckless disregard of Williams' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq..

37. Williams has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT IV—TITLE VII RETALIATION

38. Williams hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint as if the same were set forth at length herein.

39. Defendant violated Williams' rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. by retaliating against him for engaging in a protected activity.

40. Defendant's actions were intentional, willful, and in reckless disregard of Williams' rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

41. Williams has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Ernest Williams, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability, race and/or for filing a Charge of Discrimination;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, emotional distress, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

        Respectfully submitted,

        _s/Kyle F. Biesecker_____
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana  47708
        Telephone:   (812) 424-1001
        Facsimile:    (812) 424-1005
        E-Mail:       kfb@bdlegal.com

        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ernest Williams, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1001
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff